IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
CHRISTINA THOMPSON, a minor, by   :
JUNE and DONALD THOMPSON,
parents and guardians, and        :
JUNE THOMPSON and
DONALD THOMPSON, individually     :
        Plaintiffs
                                  :
        vs.                              CIVIL NO. 1:CV-04-2006
                                  :
UNITED STATES OF AMERICA,
        Defendant/                 :
        Third Party Plaintiff

        vs.                        :

PRESBYTERY OF NORTHUMBERLAND       :
INC., and PRESBYTERY OF
CARLISLE, INC., and PRESBYTERY     :
OF HUNTINGDON, INC., t/d/b/a
KRISLUND CAMP and CONFERENCE       :
CENTER; LAUREN ISMAILOFF, R.N.,
        Defendants                 :
```

M E M O R A N D U M

I.  Introduction

We are considering the motion of the third-party Defendant, Lauren Ishmailoff, R.N., to dismiss the complaint against her for failure of the United States to file a certificate of merit to support its professional liability claims.  Ishmailoff contends that we should dismiss the claims against her or, in the alternative, enter a praecipe for entry of a judgement of *non pros* in her favor based on the Government's failure to file the certificate of merit.  The United States argues that it is not required to file a

certificate of merit and, assuming that we find a certificate to be necessary, the certificate that it filed with its response to Ishmailoff's motion is sufficient.  For the reasons that follow, we will deny Defendant Ishmailoff's motion to dismiss.

II.   Background

This case originates under the Federal Tort Claims Act.  The Plaintiffs, Christina, June, and Donald Thompson, brought suit against the United States for medical care Christina received at the Army barracks in Carlisle, Pennsylvania.  In March 2005, the United States filed a third-party complaint raising professional liability claims against Ishmailoff arising out of her alleged negligence.  The third-party claims stem from the medical care that Christina received from Ishmailoff while Christina was at a summer camp.

III.   Discussion

Ishmailoff seeks to have the complaint against her dismissed because the United States did not file a certificate of merit for its professional liability claims.  Under Pennsylvania[1] law, a party filing a professional liability claim must file a certificate of merit in which a professional licensed in the same field supplies a written statement that a

---

[1] The parties do not dispute that the claims against Ishmailoff are governed by Pennsylvania law.

2

reasonable probability exists that the actions of the defendant fell outside acceptable professional standards and that the actions were the cause of harm suffered by the plaintiff. Pa.R.C.P. 1042.3(a)(1).  The United States does not dispute that the rules requiring the filing of a certificate are substantive in nature or that a certificate would be required if its claims were based on diversity or supplemental jurisdiction.  However, the Government contends that its claims are in federal court pursuant to 28 U.S.C. § 1345, which grants original jurisdiction to federal courts over claims brought by the United States. Ishmailoff maintains that jurisdiction over the Government's claims is grounded in 28 U.S.C. § 1367, the statute governing supplemental jurisdiction.

     We need not decided whether the Government's third-party complaint has been filed pursuant to original or supplemental jurisdiction.  While the United States asserts that no certificate is necessary because its claims are raised under § 1345, it has provided no support for this argument.  The Government concedes that the rule requiring a certificate of merit is substantive in nature and does not contest the applicability of Pennsylvania law to its claims.  Since its claims arise under Pennsylvania law, we can determine no reason why the United States should not be required to file a certificate of merit.  Further, the Government concedes that a certificate would be required under supplemental jurisdiction.

3

Therefore, regardless of whether the Government's claims are grounded in original or supplemental jurisdiction, a certificate of merit is required.

We cannot agree that under the circumstances presented here, however, that the case should be dismissed[2]. We find the reasoning in *Scaramuzza v. Sciolla*, 345 F.Supp.2d 508 (E.D.Pa. 2004), to be persuasive. In *Scaramuzza*, the district court pointed out the entry of a judgment of *non pros* does not prohibit the plaintiff from either commencing another lawsuit premised on the same claims or from seeking relief from the judgment entered against him. *Id*. at 511. Relief from the entry of a judgment *non pros* is in the discretion of the judge and the plaintiff "...must establish [that] 1) the petition for relief [is] filed promptly; 2) the failure to file a certificate of merit [is] reasonably explained; and 3) the underlying cause of action [is] meritorious." *Id*. We find, as the did the court in *Scaramuzza*, that it is appropriate to consider these factors in determining whether to dismiss the third-party complaint against Ishmailoff for the Government's failure to file a certificate of merit.

First, while it is not possible for the United States to request relief from judgment in the instant case, we note the

---

[2] Ishmailoff seeks, in the alternative, to have the Clerk enter a praecipe for entry of a judgment of *non pros* pursuant to Pa.R.C.P. 1042.6(b). However, this is not a remedy available in federal court.

4

Government has filed a certificate of merit with its opposition brief. (*See* Doc. 30).  Further, as in *Scaramuzza*, we find that a consideration of timing of the Defendant's motion is appropriate.  In *Scaramuzza*, the defendants' motion was filed at the very beginning of discovery.  *Scaramuzza*, 345 F.Supp.2d at 511.  The court found that for this reason the defendants could not show that the delay in the filing of a certificate of merit prejudiced them.  *Id*.  The timing is otherwise in this case in that discovery has been completed and all parties are prepared for trial.  Thus, we cannot find that Defendant Ishmailoff is disadvantaged by the failure of the United States to timely file a certificate.

With regard to the second requirement for opening a judgment of *non pros*, the district court in *Scaramuzza* found that the failure to file a certificate of merit was excusable as the Third Circuit has yet to "expressly" rule on the substantive nature of Pa.R.C.P. 1042.3.  *Id*.  We, too, find this to be persuasive.  While the district courts have found Pennsylvania's certificate of merit requirement to be substantive in nature, the Third Circuit has yet to address the issue.  Finally, we cannot say with certainty that the Government's claims are entirely without merit.  Having taken all factors into consideration, we will not dismiss the third-party complaint against Ishmailoff.

5

      We will enter an appropriate order.

                                  <u>/s/William W. Caldwell</u>
                                  William W. Caldwell
                                  United States District Judge

Date: June 20, 2006

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CHRISTINA THOMPSON, a minor, by  :
JUNE and DONALD THOMPSON,
parents and guardians, and       :
JUNE THOMPSON and
DONALD THOMPSON, individually    :
          Plaintiffs
                                 :
          vs.                           CIVIL NO. 1:CV-04-2006
                                 :
UNITED STATES OF AMERICA,
          Defendant/             :
          Third Party Plaintiff

          vs.                    :

PRESBYTERY OF NORTHUMBERLAND     :
INC., and PRESBYTERY OF
CARLISLE, INC., and PRESBYTERY   :
OF HUNTINGDON, INC., t/d/b/a
KRISLUND CAMP and CONFERENCE     :
CENTER; LAUREN ISMAILOFF, R.N.,
          Defendants             :
```

O R D E R

AND NOW, this 20th day of June, 2006, it is Ordered that the motion of the third-party Defendant, Lauren Ishmailoff, R.N., to dismiss the third-party complaint for failure to file a certificate of merit (doc. 24) is denied.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge